# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DARRELL E. PHILLIPS,

    Petitioner,                                                            Case No. 04-CV-74519-DT
                                                                             Honorable Bernard A. Friedman

v.

BLAINE LAFLER,

    Respondent.
_____/

## OPINION AND ORDER GRANTING PETITIONER'S
## MOTION TO REOPEN THE APPEAL PERIOD

I.

Darrell E. Phillips, a Michigan prisoner proceeding *pro se*, appealed this Court's Opinion and Order denying his petition for writ of habeas corpus to the United States Court of Appeals for the Sixth Circuit. In that Opinion and Order, Petitioner was also denied a certificate of appealability and leave to proceed *in forma pauperis*. Petitioner's notice of appeal to the Sixth Circuit was dated September 27, 2006, and was unsigned.

The Sixth Circuit issued an order to Petitioner directing him to show cause why his appeal should not be dismissed for failure to sign the notice of appeal, as required by Fed.R.Civ.P. 11(a), and for failure to comply with the time requirement of Fed.R.App.P. 4(a). Petitioner, in turn, provided the Sixth Circuit with a response as to why he did not comply with the necessary time requirement of Fed.R.App.P. 4(a); he indicated that the district court's decision was mailed to the wrong prison, and that he did not receive the decision

until August 28, 2006. Petitioner provided the Sixth Circuit with documentation regarding the mail error. Petitioner also provided the Sixth Circuit with a signed copy of the notice of appeal.

Now before the Court is an Order from the Sixth Circuit, remanding the case to this Court for the limited purpose of determining whether Petitioner's notice of appeal can be treated as a timely filed Fed.R.App.P. 4(a)(6) motion to reopen the appeal period and, for a ruling on the motion, if appropriate.

II.

The Federal Rules of Appellate Procedure define the applicable deadlines in the courts of appeals. Fed. R.App. P. 1(a)(1); *see* 28 U.S.C. § 2071 (rules are consistent with acts of Congress). *See also* 28 U.S.C. § 2072(b) ("rules shall not abridge, enlarge or modify any substantive right. All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect."). When properly informed of the judgment, a party has thirty days to file a notice of appeal. Fed. R.App. P. 4(a)(1)(A). This temporal stricture is mandatory and jurisdictional. *See Scola v. Beaulieu Wielsbeke, N.V.*, 131 F.3d 1073, 1073-74 (1st Cir. 1997). A limited extension of the time to file may also be granted upon a party's motion under Rule 4(a)(5)–an untimely notice of appeal can still be viable if a motion to extend the time for filing a notice of appeal is filed within thirty days after the time prescribed, so long as the movant demonstrates either good cause or excusable neglect. *See* Fed. R.App.P. 4(a)(5); *Zack v. United States*, 133 F.3d 451, 453 (6th Cir.1998).

However, where, as in this case, a party claims that he failed to receive notice of a judgment, Rule 4(a)(6) allows the district court to extend the time afforded to file a notice of appeal:

> **(6) Reopening the Time to File an Appeal**. The district court may reopen the time to file an appeal *for a period of 14 days after the date when its order to reopen is entered,* but only if all the following conditions are satisfied:
>> **(A)** the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>> **(B)** the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>> **(C)** the court finds that no party would be prejudiced.

Fed.R.App. P. 4(a)(6) (emphasis added); 28 U.S.C. § 2107.

The Appellate Rules underscore the exclusivity of the 4(a)(6) remedy by explicitly excluding it from the blanket Rule regarding extension of other appellate time prescriptions, "For good cause, the court may extend the time prescribed by these rules . . . [b]ut the court may not extend the time to file a notice of appeal (except as authorized in Rule 4)." Fed.R.App. P. 26(b); *see Rhoden v. Campbell,* 153 F.3d 773, 774 (6th Cir.1998). The rule was amended, effective December 1, 2005. The change requires that notice be pursuant to Fed.R.Civ.P. 77(d) but otherwise the substance of the rule remains the same.

### III.

Rule 4(a)(6) has been amended to specify more clearly what type of "notice" of the entry of a judgment or order precludes a party from later moving to reopen the time to appeal. In addition, Rule 4(a)(6) has been amended to address confusion about what type of "notice" triggers the 7-day period to bring a motion to reopen. Finally, Rule 4(a)(6) has been reorganized to set forth more logically the conditions that must be met before a district court may reopen the

time to appeal. Fed.R.App.P. 4(a)(6) Advisory Committee's Notes. The Notes state in pertinent part:

> In 1998, former subdivision (a)(6)(B) was amended to change the description of the type of notice that would preclude a party from moving to reopen. As a result of the amendment, former subdivision (a)(6)(B) no longer referred to the failure of the moving party to receive "*such* notice"–that is, the notice required by Rule 77(d)–but instead referred to the failure of the moving party to receive "*the* notice." And former subdivision (a)(6)(B) no longer referred to the failure of the moving party to receive notice from "the *clerk* or any party," both of whom are explicitly mentioned in Rule 77(d). Rather, former subdivision (a)(6)(B) referred to the failure of the moving party to receive notice from "the *district* court or any party."
>
> * * *
>
> To avoid such problems, former (a)(6)(B)–new subdivision (a)(6)(A)–has been amended to restore its pre-1998 simplicity. Under new subdivision (a)(6)(A), if the court finds that the moving party was not notified under Civil Rule 77(d) of the entry of the judgment, or order that the party seeks to appeal within 21 days after that judgment or order was entered, then the court is authorized to reopen the time to appeal (if all of the other requirements of subdivision (a)(6) are met). Because Civil Rule 77(d) requires that notice of the entry of a judgment or order be formally served under Civil Rule 5(b), any notice that is not so served will not operate to preclude the reopening of the time to appeal under new subdivision (a)(6)(A).
>
> * * *
>
> The subdivision now makes clear that only formal notice of the entry of a judgment or order under Civil Rule 77(d) will trigger the 7-day period to move to reopen the time to appeal.
>
> * * *
>
> Under Civil Rule 77(d) notice to trigger the 7-day period will not unduly delay appellate proceedings. Rule 4(a)(6) applies to only a small number of cases–cases in which a party was not notified of a judgment or order by either the clerk or another party

> within 21 days after entry. Even with respect to those cases, an
> appeal cannot be brought more than 180 days after entry, no matter
> what the circumstances. * * *

Fed.R.App.P. 4(a)(6) Advisory Committee Notes.

## IV.

Upon review of this case, the Court will allow Petitioner's delayed notice of appeal to proceed. Petitioner's notice was filed on September 27, 2006, and it is unclear to the Court whether that notice and the attached documents informing the Sixth Circuit Court of Appeals of the delay in receiving the Court's decision were placed in the prison mail within seven days of Petitioner receiving the notice. Pursuant to the Rule, Petitioner's notice would have been due on September 4, 2006, 7 days after he had received notice of the Court's judgment. The attachments submitted to the Sixth Circuit Court of Appeals are dated August 29, 2006, which appear to establish that Petitioner informed the prison mailroom supervisor that he had not received his mail and that it appeared that his mail was being held for approximately seventy to eighty days.

This Court's judgment denying Petitioner's petition was entered on June 8, 2006. Thus, Petitioner had thirty days from that date, until July 9, 2006, to file a timely notice of appeal. *See* Fed.R.App.P. 4(a)(1)(A). However, Petitioner did not file his notice of appeal. Pursuant to Rule 4(a)(1)(A), Petitioner could have filed a motion to extend the time for filing an appeal if he had filed his motion no later than thirty days after the time for filing the notice of appeal expired, which in this case would have been August 9, 2006, and demonstrated excusable neglect or good cause. *See* Fed.R.App.P. 4(a)(5)(A)(I). Regardless of whether the motion is filed before or

during the thirty-days period after the entry of judgment, a motion may be granted if the party shows excusable neglect of good cause. *See* Fed.R.App.P. 4(a)(5)(A)(ii).

However, because Petitioner did not receive the notice of judgment from the Court until August 28, 2006, Petitioner could not file his motion to extend time within the thirty-day time frame for filing a notice of appeal. Petitioner contends that he could not file a motion to extend because the Clerk of Court mailed the Court's final judgment to the incorrect prison.

Petitioner moved to reopen pursuant to Rule 4(a)(6)–the motion is dated September 27, 2006, almost three and one half months after the June 8, 2006, final judgment, but within the 180 days, as required by Rule 4(a)(6). As stated above, Petitioner contends that he did not receive notice of the final judgment until August 28, 2006, due to a mail error. In accordance with the Rules, the motion was therefore not filed within seven days of the August 28th date. Petitioner did however file his motion within the 180-day period after the judgment. Furthermore, the Court is satisfied that Petitioner has submitted sufficient evidence to establish that he did not receive the Court's June 8, 2006 Opinion and Order until August 28th.

Since Fed.R.App.P. 4(a)(6) is one of discretion, this Court finds that Petitioner satisfies the requirements under Fed.R.App.P. 4(a)(6)–he did not receive notice within 21 days of the final judgment, his present motion was filed within 180 days after the final judgment, and the Court finds that he attempted to submit his notice of appeal within 7 days of receiving notice of the judgment, and there is no prejudice to the parties. Any other finding would seem harsh, considering the factual circumstances surrounding this case.

V.

Accordingly, on the basis of the above, the Court finds that Petitioner's notice of appeal to the Sixth Circuit can be treated as a timely-filed Fed.R.App.P. 4(a)(6) motion to reopen the appeal period. The Court declines to rule on the motion, because the Court denied Petitioner a certificate of appealability in its Opinion and Order dated June 8, 2006.

**IT IS SO ORDERED**.


s/Bernard A. Friedman_____
Bernard A. Friedman
United States District Judge

Dated: __May 15, 2007__



I hereby certify that a copy of the foregoing document
was served upon counsel of record by electronic and/or first-class mail.

s/Carol Mullins
Case Manager to Chief Judge Friedman